**SO ORDERED.**

**SIGNED this 7 day of January, 2019.**



*Austin E Carter*

**Austin E. Carter
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-10575-AEC |
| Shannon Dionne Mathis, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| Shannon Dionne Mathis, ) | |
| ) | Contested Matter |
| Debtor/Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| Eazy Ride Auto Sales, LLC, ) | |
| ) | |
| Respondent. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

BEFORE

Austin E. Carter
United States Bankruptcy Judge

APPEARANCES:

    For Debtor:                        Shannon Dionne Mathis, Pro Se
                                        1715 Gillespie Avenue
                                        Albany, GA 31707

    For Respondent:           Daniel Lewis Wilder
                                        Law Offices of Emmett L. Goodman, Jr., LLC
                                        544 Mulberry Street
                                        Suite 800
                                        Macon, GA 31201

Before the Court is the Debtor's request for damages against Eazy Ride Auto Sales, LLC ("Eazy Ride") under 11 U.S.C. § 362(k) for violation of the automatic stay (Doc. 26, Debtor's *Response with Opposition to Eazy Ride's Motion for Relief from Automatic Stay*).  The Debtor alleges that Eazy Ride willfully violated the automatic stay of § 362[1] and seeks damages for emotional distress, pain and suffering, and lost wages.  Eazy Ride denies any stay violation occurred and argues, in the alternative, that if a stay violation did occur, the Debtor's request for damages is not supported by the evidence.

This matter came on for evidentiary hearing on September 11, 2018.  The pro se Debtor Shannon Dionne Mathis ("Debtor") was present on her own behalf.  Eazy Ride appeared through its owner, Herschel Edwards ("Edwards"), and was represented by counsel.  Both the Debtor and Edwards testified at the hearing.

Proceedings to determine whether conduct amounts to a violation of the automatic stay are core proceedings under 28 U.S.C. § 157(b).  Having considered the motion, evidence presented, arguments of the parties, and the remainder of the record, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7052, made applicable by Bankruptcy Rule 9014(c).

## I.    Findings of Fact

The Debtor filed her voluntary petition for relief under Chapter 7 on May 15, 2018 (Doc. 1).  Along with her petition, and in compliance with § 521(a)(1)(A) and Bankruptcy Rule 1007(a)(1), the Debtor submitted a list of her creditors which included Eazy Ride, based on a lease agreement with Eazy Ride for a 2011 Nissan Maxima ("Maxima").  On this list of creditors, the Debtor indicated Eazy Ride's

---

[1]    Unless otherwise indicated, all references herein to "section" or "§" refer to a corresponding section of the Bankruptcy Code, and all references to the "Bankruptcy Code" relate to the corresponding sections of Title 11 of the United States Code.

3

address as 1010 S. Martin Luther King Blvd., Americus, Georgia 31709. (Doc. 1). The same address, 1010 S. Martin Luther King Blvd., Americus, Georgia 31709, appears on the lease agreement between the Debtor and Eazy Ride. (Respondent's Exh. No. 1[2]). The Certificate of Notice issued by the Bankruptcy Noticing Center ("BNC") reflects that the Notice of Chapter 7 Bankruptcy Case[3] for this case was mailed to Eazy Ride on May 18, 2018. (Doc. 9). However, instead of the 31709 zip code provided by the Debtor on her list of creditors, the Certificate of Notice shows a zip code for Eazy Ride's address as 31719-2914.[4] *Id.*

Eazy Ride repossessed the Maxima on June 6, 2018. Later that day, the Debtor went to Eazy Ride's dealership in Albany, Georgia and spoke to employee Shanetta Tyner ("Tyner"). At the hearing, the Debtor testified that she informed Tyner of her bankruptcy filing and requested that the Maxima be returned. While Eazy Ride's attorney casts suspicion on whether the Debtor requested the return of the Maxima, there exists no direct testimony refuting the Debtor's testimony. Edwards acknowledges that the Debtor informed Tyner of the bankruptcy filing during their June 6 encounter, but Edwards asserts that he is unaware of any demand by the Debtor for return of the Maxima. However, Edwards was not present when the Debtor and Tyner spoke, and Tyner did not testify. Therefore, the Debtor's testimony is not directly refuted, and the Court finds it credible.[5]

---

[2]    At the hearing, this exhibit was labeled "M1."
[3]    The Notice of Chapter 7 Bankruptcy Case is "the formal court-generated notice to all creditors that a bankruptcy case has been commenced and that certain deadlines have been established." *In re O'Sullivan*, 488 B.R. 510, 512 (Bankr. D. Mass. 2013).
[4]    The zip code for Eazy Ride's address was changed from 31709 to 31719 by the BNC. According to the Certificate of Notice: "Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP." (Doc. 9, p. 3). Eazy Ride's address at 1010 S. Martin Luther King Blvd., Americus, GA is marked on the Certificate of Notice with a "+," signaling that BNC corrected the zip code. *Id.*
[5]    Eazy Ride also argues that the Debtor's testimony as to the June 6 demand for turnover is not credible because the Debtor did not mention that demand at the August 22, 2018 hearing on Eazy Ride's *Motion for Relief from Automatic Stay* (Doc. 22). The Debtor did not testify at that hearing, but, when addressing the court, the Debtor neither referenced her June 6 demand for turnover nor admitted that she failed to make such a demand. Other statements she made at that

4

By operation of § 365(p)(1), the automatic stay terminated as to the Maxima on July 15, 2018.[6] (Doc. 36).

The Debtor requests damages of $5,000.00 for the violation of the automatic stay based on Eazy Ride's repossession of the Maxima on June 6, 2018 and its subsequent retention through the expiration of the stay on July 15, 2018. Although the Debtor seeks an award of $5,000.00, the Debtor's calculation of damages asserted during her testimony totals $4,706.08, consisting of $2,300.00 in transportation costs, $206.08 in lost wages, and $2,200.00 in emotional distress, pain, and suffering.

To support her requested award, the Debtor testified as to the following damage calculations: (1) two days absence from work due to lack of transportation, at the rate of $12.88 per hour, totaling $206.08; (2) the cost of alternate transportation—$40.00 payment per week to the Debtor's nephew as well as intermittent use of public transportation, at a rate of approximately $10.00 to $13.00 per trip for the five week period spanning the stay violation; and (3) emotional distress damages totaling $2,200.00 suffered as a consequence of Eazy

---

hearing, however, are consistent with her September 11 testimony that she sought possession of the Maxima. Specifically, the Debtor stated that during her June 6 visit to the dealership, she left her contact information and asked that the owner (later identified as Edwards) call her. The Debtor explained that because she received no call, she returned to the dealership on June 11. During that visit, as the Debtor explained, she told Edwards that she would like to keep the Maxima because she had invested a significant amount of money in it, and that as a result they discussed Eazy Ride's financing her purchase of it beyond the lease term. The Debtor further stated that Edwards had her fill out a loan application. At the September 11 hearing, Edwards acknowledged that the Debtor told him she had invested a significant amount of money in the Maxima and that he and the Debtor discussed a possible finance purchase of the Maxima. The Court finds credible the Debtor's testimony that she demanded the return of the Maxima.

[6]   Although the Debtor conceded at the August 22, 2018 hearing that, when she received her service copy of Eazy Ride's motion for relief from stay, filed June 27, 2018 (Doc. 22), she had decided that she no longer wanted to finance a purchase of the Maxima, that concession does not constitute a forfeiture of the automatic stay prior to its expiration on July 15, 2018.

Ride's repossession, which occurred several days after Debtor's mother passed away.

With respect to lost wages, the Debtor contends that she was unable to attend work on June 6 and June 7 because of Eazy Ride's repossession of the Maxima.[7] The Debtor testified that she had no other method of transportation on those days, and that she spent the days seeking return of her personal items from Eazy Ride and coordinating future transportation to work. The Debtor submitted into evidence paystubs establishing that she used eight hours of paid time-off for June 6 and seven and a half hours of paid time-off for June 7. She testified that her rate of pay was $12.88 per hour. (*See* Debtor's Exh. No. 4).[8] The Debtor testified that the other vehicle listed in her Schedules, a 1998 Jeep Cherokee, is inoperable.

As to transportation expenses, the Debtor's testimony was somewhat unclear. The Debtor testified to traveling to and from work with her nephew for the weeks of June 17-23, June 24-30, and July 8-14, and also on the dates of July 2 and July 3. The Debtor could not recall whether she traveled with her nephew or used a taxi service on July 5 and 6 but testified to using taxi service or public transportation for week of June 11-15. The Debtor testified, at one point, to using public transportation on June 8, but in later testimony stated that she traveled with her nephew on June 8. The Debtor produced no receipts for transportation costs. The Court considers this testimony to establish that the Debtor incurred $251.00 in transportation costs during the relevant period.[9] Because the stay violation lasted

---

[7] The Debtor testified that she is employed in two different jobs—a full-time role and a part-time role—both of which were impacted by repossession of the Maxima. However, the Debtor seeks lost income only from her full-time position, at which her hourly wage is $12.88.

[8] Although counsel for Eazy Ride correctly notes that the $12.88 hourly wage is not notated on the paystub, the paystub does not indicate any other hourly wage. No other evidence was offered on the subject. Therefore, the Court finds that the Debtor's hourly wage was $12.88.

[9] As for the remaining eight days, the Debtor testified to missing two days of work, June 6 and 7, as well as to having the July 4 holiday off. As a result, the Debtor must have used taxis or public transportation for five days. Thus, the calculation of $251.00 arises from seventeen days of travel with the Debtor's nephew at a rate of $40.00 per five day work week or $8.00 per work day ($136.00)

for five weeks, there exist twenty-five possible days of travel to work. The Debtor testified to three weeks and two days of travel with her nephew, which account for seventeen of the possible twenty-five days.

The Debtor's primary contention for emotional distress damages stems from the timing of the repossession. The Debtor testified that, when Eazy Ride repossessed the Maxima, she was grieving her mother's recent death, and that the repossession exacerbated her already-existing emotional pain.[10] The Debtor also testified that Eazy Ride's repossession of the Maxima impaired her ability to take her children to school and extracurricular activities.

Without objection, the Court takes judicial notice under Federal Rule of Evidence 201 that (1) the United States Postal Service's website reflects a zip code of 31719-2914 for Eazy Ride's address at 1010 S. Martin Luther King Blvd., Americus, Georgia, and (2) the website of the Corporations Division of the Office of the Georgia Secretary of State indicates that the Annual Registration filed by Eazy Ride on January 11, 2018 reflects its registered address as 1010 South MLK Blvd., Americus, Georgia 31719. *See Order Regarding Court's Intent to Take Judicial Notice of Certain Information Available on the Respective Websites of (A) United States Postal Service and (B) Office of Georgia Secretary of State*, November 8, 2018. (Doc. 50).

## II.   Conclusions of Law

The question before the Court is whether, by repossessing the Maxima and maintaining possession of it through the July 15, 2018 termination of the stay, Eazy

---

plus an approximation of the cost of taxi service for five days of service at a rate of $11.50 per trip—based on the Debtor's testimony of cost variation from $10.00-$13.00 per trip—times two trips per day for each of the five days used ($115.00).

[10]   The exact date of the death of Debtor's mother is uncertain, but the evidence suggests that it occurred on or around June 1, 2018.

7

Ride violated § 362(k)(1). If the Court answers this question in the affirmative, then it must decide what damages to award.

Eazy Ride argues it did not receive notice of the bankruptcy case and thus did not violate the automatic stay when it repossessed the Maxima. Eazy Ride alleges defective notice of this case because the Notice of Case Filing was mailed to its address with a zip code of 31719 as evidenced by the Certificate of Notice (*See* Doc. 9), rather than the zip code of 31709 shown on the Maxima lease agreement. Although Eazy Ride acknowledges that the Debtor informed it of the bankruptcy case on June 6, 2018, after the repossession earlier that day, it asserts that no stay violation occurred by its continued possession of the Maxima because the Debtor (according to Edwards) did not demand the return of the Maxima after it was repossessed. Finally, Eazy Ride contends that if it did violate the stay, the damages sought are unsupported by the evidence presented.

### A. Willful Stay Violation

The filing of a bankruptcy petition triggers the automatic stay of 11 U.S.C. § 362(a). The automatic stay prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and "any act to create, perfect, or enforce against property of the debtor any lien to the extent it secures a [pre-petition claim]." 11 U.S.C. § 362(a)(3), (5). The automatic stay is "a fundamental tenet of bankruptcy law" which is effective immediately upon filing of a case, regardless of notice. *Thomason v. Chestatee Cmty. Ass'n (In re Thomason)*, 493 B.R. 890, 896 (Bankr. N.D. Ga. 2013).

Section 362(k)(1) provides that "an individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). As used in § 362(k), "willful" does not necessitate a showing of conscious intent to harm. *Burnett v. Danz Carz, Inc. (In re Burnett)*, No. 91-11600, Adv. No. 91-1096,

8

1992 Bankr. LEXIS 2621, *20 (Bankr. S.D. Ga. Feb. 3, 1992) (referring to former § 362(h)). Rather, the standard for willful violation under § 362(k) is met where the party accused of violating the automatic stay (1) has knowledge of the stay, and (2) intended the actions constituting the stay violation. *Spinner v. Cash In A Hurry, LLC (In re Spinner)*, 398 B.R. 84, 94 (Bankr. N.D. Ga. 2008); *see also Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1555 (11th Cir. 1996) (applying general "willful violation" test to automatic stay violation resulting in contempt under § 105). Accordingly, § 362(k) "does not contain a specific intent requirement on the part of the party accused of willfully violating the stay." *In re Thomason*, 493 B.R. at 896-97.

An innocent stay violation may become a willful violation if a creditor learns of the bankruptcy and fails to remedy the violation. *In re Hill*, 523 B.R. 704, 715 (Bankr. D. Mont. 2014) (citing *Cal. Emp't Dev. Dep't v. Taxel, (In re Del Mission Ltd.)*, 98 F.3d 1147, 1152 (9th Cir. 1996)); *Watt v. Consumer Choice Automotive Group, Inc., (In re Watt)*, No. 14-65344-MHM, 2014 Bankr. LEXIS 5272, *5-6 (Bankr. N.D. Ga. Nov. 26, 2014) (finding that stay violation became willful once repossessing party was on constructive notice of bankruptcy petition). Pre-petition repossession of a vehicle constitutes a willful stay violation if the repossessing party fails to expediently release the vehicle after commencement of the automatic stay. *See e.g., Castillo v. Three Aces Auto Sales (In re Castillo)*, 456 B.R. 719, 724-25 (Bankr. N.D. Ga. 2011); *Stephens v. Guaranteed Auto, Inc. (In re Stephens)*, 495 B.R. 608, 614 (Bankr. N.D. Ga. 2013); *Rutherford v. Auto Cash, Inc. (In re Rutherford)*, 329 B.R. 886, 897-98 (Bankr. N.D. Ga. 2005) (holding that creditor's refusal to "comply with its duty to turn over property of the estate" constituted willful stay violation).

The debtor bears the burden of establishing a willful violation by a preponderance of the evidence. *In re Thomason*, 493 B.R. at 896; *see also In re Spinner*, 398 B.R. at 94-95.

1. Knowledge of the Stay

    a. *Knowledge Through Presumption of Receipt*

Here, the Debtor filed her bankruptcy petition on May 15, 2018. When Eazy Ride repossessed the Maxima on June 6, 2018, the Debtor's interest in the Maxima was property of the bankruptcy estate under § 541(a) and subject to the protection of the automatic stay of § 362(a).

The Bankruptcy Code requires that "[t]here shall be given such notice as is appropriate . . . of an order for relief in a case under this title." 11 U.S.C. § 342(a). However, the Bankruptcy Code does not specify how such appropriate notice should be given. *In re O'Sullivan*, 488 B.R. 510, 512 (Bankr. D. Mass. 2013).

Bankruptcy Rule 2002(a)(1) and (f)(1) requires that the Notice of Chapter 7 Bankruptcy Case be sent to creditors by mail. Fed. R. Bankr. P. 2002(a)(1), (f)(1).[11] Under Bankruptcy Rule 9006(e), "notice by mail is complete on mailing." Fed. R. Bankr. P. 9006(e). Further, it is well established that "[a] properly addressed and stamped letter mailed to a party establishes a rebuttable presumption that the letter was received by the party to whom it was addressed." *Sanders v. Cmty. Cars, Inc. (In re Sanders)*, No. 11-32826-DHW, Adv. No. 12-03066-DHW, 2014 Bankr. LEXIS 14, *8 (Bankr. M.D. Ala. Jan. 3, 2014) (citing *In re Robinson*, 228 B.R. 75, 81 (Bankr. E.D.N.Y. 1998)); *see also Hagner v. U.S.*, 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post

---

[11] This Court's local rule LBR 2001-1(a) and (c) provides that the Clerk of Court shall serve the notices required by Bankruptcy Rule 2002(a)(1) and (f)(1). The Clerk causes such service via the BNC.

10

office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed.").

The Eleventh Circuit recognizes a three-pronged test to determine whether the presumption of receipt by the addressee applies: (1) the envelope containing the document was properly addressed; (2) proper postage was affixed to the envelope; and (3) the envelope was in fact mailed. *In re East Coast Brokers & Packers, Inc.*, 961 F.2d 1543, 1545 (11th Cir. 1992); *Candelario v. Centennial Healthcare Corp. (In re Centennial Healthcare Corp.)*, No. 02-74974, 2005 Bankr. LEXIS 2684, *9 (Bankr. N.D. Ga. Dec. 28, 2005). A party may rely on the court's certificate of mailing to create the presumption of receipt. *In re Sanders*, 2014 Bankr. LEXIS 14 at *8.

The second and third elements of the Eleventh Circuit test are not at issue here, so the Court considers only the first element: whether the BNC's Notice of Chapter 7 Bankruptcy Case was properly addressed to Eazy Ride. Eazy Ride contends that the Notice of Chapter 7 Bankruptcy Case for the Debtor's bankruptcy case was not properly addressed due to the incorrect zip code, 31719, listed on the Certificate of Notice (*See* Doc. 9). Eazy Ride asserts that the correct zip code for its office at 1010 S. Martin Luther King Blvd., in Americus, Georgia is 31709.[12]

The Court finds the evidence in dispute as to the correct zip code for Eazy Ride's address. On one hand, the lease agreement shows that the zip code for Eazy Ride's address is 31709. On the other hand: (1) the Certificate of Notice reflects that BNC replaced Eazy Ride's 31709 zip code submitted by the Debtor on her list of

---

[12] On cross-examination at the hearing, the Debtor agreed with Eazy Ride's counsel in two respects: first, that the Court's creditor matrix (Debtor's Exh. No. 1) reflects a 31719 zip code for Eazy Ride's address, and second, that the 31719 zip code is incorrect because it does not match the 31709 zip code contained on the lease. However, the Court takes judicial notice that Debtor's Exh. No. 1 is the creditor matrix for this case as of August 23, 2018, which reflects the addresses as they were on file in this case on that date, including any changes previously made by the BNC (such as the zip code for Eazy Ride's address). The original creditor list as filed by the Debtor (Doc. 1) reflects a 31709 zip code, which matches that on the Maxima lease. Eazy Ride's position suggests that the Debtor should suffer the consequences of BNC's unilateral change to the zip code.

11

creditors with 31719 because 31709 is incorrect; (2) the records of the U.S. Postal Service reflect a 31719 zip code for Eazy Ride's address; and (3) the records of the Georgia Secretary of State—as submitted by Eazy Ride on its annual registration—show that the zip code is 31719.

A court may find that an address is correct for purposes of the presumption of receipt when the BNC has changed a creditor's zip code. In *In re O'Sullivan*, the bankruptcy court held that a mailed notice of case filing is entitled to the presumption of receipt even where the debtor's schedules and creditor matrix contain an incorrect zip code, provided the BNC corrects such zip code when mailing the notice. 488 B.R. at 513. This Court is persuaded to follow *In re O'Sullivan*. Moreover, in addition to the BNC's correction of the zip code, here we have additional evidence that 31719 is the correct zip code from the records of the U.S. Postal Service and the Georgia Secretary of State.

In balancing this evidence, the Court finds that 31719 is the correct zip code for Eazy Ride's address at 1010 S. Martin Luther King Blvd. in Americus, Georgia. The BNC's Notice of Chapter 7 Bankruptcy Case was mailed using this 31719 zip code. (Doc. 9). Therefore, the Court finds that the presumption of receipt applies to the Notice of Chapter 7 Bankruptcy Case mailed by the BNC to Eazy Ride, and as such put Eazy Ride on notice that the Debtor had filed her bankruptcy case.

The presumption of receipt is an inference of fact "founded on the probability that the officers of the government [postal workers] will do their duty and the usual course of business . . . ." *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1240 (11th Cir. 2002) (quoting *Rosenthal v. Walker*, 111 U.S. 185, 193-94 (1884)). To rebut the presumption, a party must produce evidence that supports a finding that the mailing was not received. *See Adams v. Prescott (In re Prescott)*, 285 B.R. 763, 767 (Bankr. S.D. Ga. 2001). A bare denial of receipt does not alone rebut the presumption; however, direct testimony of non-receipt, if supported by some other

12

evidence, may suffice to rebut the presumption. *Farris v. Walton (In re Farris)*, 365 Fed. Appx. 198, 200 (11th Cir. 2010) (citing *In re Hobbs*, 141 B.R. 466, 468 (Bankr. N.D. Ga. 1992)).

Eazy Ride attempts to rebut the presumption of receipt of the Notice of Chapter 7 Bankruptcy Case through testimony of Edwards, who testified that no one at Eazy Ride was aware of the Debtor's bankruptcy case until the Debtor met with Tyner on June 6.[13] The court finds Edwards' testimony problematic because he offered no basis for his generic testimony regarding others' knowledge. Although Edwards may testify as to whether he personally was aware of the bankruptcy case, he lacks competence to testify as to what others at Eazy Ride knew or did not know without first establishing a sufficient basis to do so. Like the affiant in *In re O'Sullivan*, Edwards' testimony fails "to establish a reasonable predicate upon which" Edwards could affirm that no employee of Eazy Ride was aware of the bankruptcy case before June 6. *In re O'Sullivan*, 488 B.R. at 514. Therefore, the Court finds Edwards' testimony insufficient to rebut the presumption of receipt.

Moreover, for a denial of receipt to rebut the presumption of receipt, there must exist some other supporting evidence of non-receipt. *See In re Farris*, 365 Fed. Appx. at 200. Here, other than Edwards' testimony, Eazy Ride offers only the Maxima lease agreement showing a 31709 zip code and the BNC's service of the Notice of Chapter 7 Bankruptcy Case on Eazy Ride using a 31719 zip code. The Court considers this evidence insufficient to rebut the presumption of receipt as to the Notice of Chapter 7 Bankruptcy Case.

---

[13]  Although Edwards did not specifically testify as to whether anyone Eazy Ride received the Notice of Chapter 7 Bankruptcy Case mailed by the BNC, his testimony carries the implication that no one did.

13

Because Eazy Ride has failed to rebut the presumption of its receipt of the Notice of Chapter 7 Bankruptcy Case, the Court finds that Eazy Ride had adequate notice of the Debtor's bankruptcy case when it repossessed the Maxima.

b.   *Knowledge Through Conversation with the Debtor*

Aside from the unrebutted presumption of receipt of the Notice of Chapter 7 Case Filing, the Court finds that Eazy Ride had knowledge of the bankruptcy case through the Debtor's conversations with Tyner. Eazy Ride contends that it was without notice of the Debtor's bankruptcy petition and the automatic stay when it repossessed the Maxima and argues that although it maintained possession of the Maxima, no stay violation occurred because the Debtor did not demand the Maxima be returned.

The Court finds Eazy Ride's argument unconvincing. As discussed in the Court's Findings of Fact, the Debtor testified that she informed Eazy Ride's employee, Tyner, of the bankruptcy petition on June 6, 2018, and in the same exchange, requested that the Maxima be returned. Although Eazy Ride questions the veracity of this testimony, Eazy Ride offered no testimony or other evidence refuting the Debtor's testimony. Thus, as previously addressed, the Court finds that Eazy Ride had actual knowledge of the automatic stay (through Tyner) and refused to return the Maxima upon the Debtor's request.

Upon learning of the bankruptcy filing and the Debtor's request for the return of the Maxima, Eazy Ride had the affirmative duty to release the Maxima. In the alternative, Eazy Ride could have chosen to file a motion seeking adequate protection or relief from stay, which could have been heard on an expedited basis. However, Eazy Ride instead elected to maintain possession of the Maxima after learning of the bankruptcy petition and after the Debtor requested its return.

14

### 2. Eazy Ride Intended its Actions

The second element of § 362(k)(1)—that Eazy Ride intended to repossess and maintain possession of the Maxima—is not in dispute. Therefore, the Court finds that Eazy Ride's repossession and continued possession of the Maxima, beginning on June 6, 2018, constitutes a willful stay violation.[14]

### B. Damages

### 1. Compensatory Damages

Section 362(k) provides that a debtor may recover actual damages incurred because of a creditor's willful violation of the automatic stay. *Banks v. Kam's Auto Sales (In re Banks)*, 521 B.R. 417, 426 (Bankr. M.D. Ga. 2014); *Thomason v. Chestatee Cmty. Ass'n (In re Thomason)*, 493 B.R. 890, 902 (Bankr. N.D. Ga. 2013). The debtor must prove actual damages with reasonable certainty. *In re Banks*, 521 B.R. at 426. Actual damages are "calculated as the monetary loss incurred over the period of violation . . . ." *Watt v. Consumer Choice Automotive Group, Inc. (In re Watt)*, No. 14-65344-MHM, 2014 Bankr. LEXIS 5272, *6 (Bankr. N.D. Ga. Nov. 26, 2014). Because the Court has found that Eazy Ride was in violation of the automatic stay from the date of the repossession (June 6, 2018) until the date the automatic stay terminated (July 15, 2018), the Debtor's damages will be assessed for that period.

The Debtor testified that repossession of the Maxima caused her to miss two days of work and required her to seek alternate transportation. Accordingly, the Court finds that the Debtor is entitled to $199.64 (15.5 hours times $12.88) in

---

[14] Because "[a]ny actions taken in violation of the stay whether knowingly or unknowingly are considered void and without effect," a creditor's "knowledge is only pertinent as to remedies the Court should consider for the violations." *Mullis v. USA Rest. Equip. Co. (In re Harsh)*, 277 B.R. 833, 837 (Bankr. M.D. Ga. 2001).

compensation for lost income resulting from Eazy Ride's violation of the automatic stay.[15]

As for expenses connected to alternate transportation, the Debtor alleges $2,300.00 in damages. Based on the Court's Findings of Fact, however, the Court concludes that the Debtor has proved with reasonable certainty that during the relevant period she incurred damages related to transportation expenses in the amount of $251.00.

Thus, based on the Debtor's testimony and other submitted evidence, the Court finds that the Debtor proved with reasonable certainty that she suffered actual damages in the amount of $450.64.

    2.    <u>Emotional Distress</u>

The Eleventh Circuit permits a debtor to recover damages for emotional distress under § 362(k) for a creditor's willful violation of the automatic stay. *See Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1271 (11th Cir. 2014). However, all willful stay violations do not necessarily warrant compensation for emotional distress damages. *Lodge*, 750 F.3d at 1271. To recover "actual" damages for emotional distress under § 362(k), "a plaintiff must (1) suffer significant emotional distress, (2) clearly establish the significant emotional distress, and (3) demonstrate a causal connection between that significant emotional distress and the violation of the automatic stay." *Id.*

Here, the Debtor alleges severe emotional distress, but acknowledges that the primary reason for her emotional distress was the death of her mother. The Debtor testified that this emotional distress was exacerbated by Eazy Ride's repossession of the Maxima. The Debtor does not allege emotional distress independent of the loss

---

[15] Although the Debtor testified to missing two full days of work at eight hours per day, the paystubs submitted into evidence (Debtor's Exh. No. 4) reflect that the Debtor used eight hours of paid time-off on June 6 and seven and half hours on June 7. Thus, the Court finds that the Debtor lost wages for fifteen and a half hours of work.

16

of her mother.[16] Consequently, this testimony does not establish the requisite causal connection between the Debtor's emotional distress and the stay violation.

As a secondary basis for emotional distress, the Debtor testified that Eazy Ride's repossession left her unable to transport her children to school and extracurricular activities. However, aside from a general statement, the Debtor offered no details surrounding this alleged emotional distress. Therefore, the Debtor failed to meet her burden to "clearly establish the significant emotional distress" related to the inability to transport her children, as required under Eleventh Circuit precedent.

For these reasons, the Court concludes that the Debtor has not established a right to recover on her claim for damages for emotional distress under 11 U.S.C. § 362(k).

**C.    Conclusion**

For the foregoing reasons, the Court finds that Eazy Ride has willfully violated the stay of § 362(a) and, pursuant to § 362(k)(1), awards $450.64 in damages to the Debtor.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Eazy Ride Auto Sales, LLC pay to the Debtor actual damages in the total amount of $450.64, for lost wages and transportation expenses incurred as a result of the violation of the stay by Eazy Ride Auto Sales, LLC.

[END OF DOCUMENT]

---

[16]    The Debtor relies on paystubs submitted into evidence to support her damages claim. (Debtor's Exh. No. 4). These paystubs indicate that she took June 1, 2018 off for bereavement; however, this June 1 bereavement was taken prior to Eazy Ride's June 6, 2018 repossession of the Maxima. Therefore, the paystubs do not support the Debtor's claim for emotional distress damages.